GARCÍA & GONZÁLEZ, Plaintiff and Appellee, v. TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7964. Argued February 16, 1940.—Decided April 30, 1940.

*George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellant.  *M. Acosta Velarde* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

This is an action to recover a certain sum of money paid under protest into the Insular Treasury.  It is alleged in the complaint that the plaintiff filed with the Treasurer of Puerto Rico an income-tax return for the fiscal year 1929, showing a net income of $5,396.42, upon which the plaintiff paid $299.56 as income tax; that subsequent to the above payment the Treasurer informed the plaintiff that after an investigation made of its account books there appeared certain deficiencies in the income-tax return for 1929, and that the taxable net income for said year, subject to a tax of 12½ per cent, amounted to $17,396.42; that under this assessment the plaintiff should pay $2,174.56, less $299.56 already paid, that is, $1,875; that with the addition of $412.50 as interest thereon, the Treasurer demanded from the plaintiff the total payment of $2,287.50; that the plaintiff appealed to the Board of Review and Equalization which affirmed the assessment made by the Treasurer and denied the reconsideration sought; and that the plaintiff paid under protest the sum of $1,837.60, whose refund is demanded in the prayer of the complaint.

The plaintiff complained that the Board of Review and Equalization failed to allow any deduction for the sum of $12,000 paid to the partners as salaries and also a specific exemption of $5,000, the plaintiff being a domestic partnership, and alleged that, should the above deductions have been allowed, the net taxable income of the plaintiff would have amounted to $396.42 and the tax thereon to $49.55 instead of the amount collected from it.

The Treasurer alleged in his answer that salaries paid to partners are not deductible from the gross income of a

partnership for the purpose of estimating the net income; that the plaintiff failed to claim the $5,000 exemption in its return for 1929 and that notwithstanding its failure to claim the same he was allowed a specific exemption of $3,000; that the plaintiff failed to appeal from the decision of the Treasurer to the Board; that as such question had not been raised no action whatever in connection therewith was taken by the Board either for or against the plaintiff; and that as the plaintiff had not exhausted the administrative remedies, the district court was without jurisdiction to take cognizance of such claim.

After a trial, the district court entered judgment for the plaintiff as to the specific credit of $5,000 claimed, on the ground that section 6 of Act No. 18 of June 3, 1927, (p. 490), which amended subdivision (*b*) of section 34 of Act No. 74, (Session Laws of 1925, p. 482), is void as being unconstitutional; and found for the defendant as to the other claims of the complaint, without special pronouncements as to costs. The Treasurer brought this appeal and in support thereof has assigned two errors, to wit:

1. To hold that the amendment contained in subdivision (*b*) of section 34 of the Income Tax Act of 1927 is unconstitutional and that the section of the Income Tax Act of 1925, amended thereby, continued with the same force and effect as when enacted.

2. To assume jurisdiction for the purpose of allowing a credit which was neither claimed from the Treasurer nor considered by the Board of Review and Equalization.

■ Subdivision (*b*) of section 34 of Act No. 74 of 1925, before the same was amended, reads as follows:

"Section 34.—For the purpose only of the tax imposed by section 28 there shall be allowed the following credits:

"(*a*) .    .    .    .    .    .    .    .    .

"(*b*) In the case of a domestic partnership or corporation the net income of which does not exceed twenty-five thousand (25,000) dollars, a specific credit of $5,000, and in other cases a specific credit of $4,000."

630

Clause (*b*) of section 34, *supra,* as amended by Act No. 18 of 1927 reads now as follows:

"(*b*) In the case of a domestic partnership or corporation the net income of which does not exceed ten thousand (10,000) dollars, a specific credit of three thousand (3,000) dollars. In cases where the net income exceeds ten thousand (10,000) dollars no credit shall be allowed."

In *F. Febles & Cia.* v. *Sancho Bonet, Treasurer,* 50 P.R.R. 742 there was raised, as in the case before us, the question of the constitutional validity of clause (*b*) of section 34, as amended by Act No. 18 of 1927. There, as here, it was alleged that the statute was discriminatory because a partnership with an income below $10,000 is allowed a specific credit of $3,000 whereas a partnership with a net income in excess of $10,000 is not allowed any reduction. This court reversed the judgment of the court below, which had declared said statute unconstitutional, and through Mr. Justice Wolf expressed itself as follows:

"The plaintiff had an income for each of the three years of which it complains of less than $10,000 and hence was not affected by the provisions of the Act of 1927 which gave not credit to persons receiving more than $10,000. No one would question that the legislature had the right under a statute otherwise constitutional to fix the deduction at $3,000 rather than at $5,000 if it had so chosen, as it did. The part of the statute that gave exemptions only to persons receiving under $10,000 is an independent precept and the failure to exempt persons receiving more than $10,000 is not intertwined or dependent upon the fact that persons receiving less than $10,000 have an exemption. A person who is receiving less than $10,000 is not injured other than by the reduction of his exemption fron $5,000 under the 1925 Act to $3,000 under the present law. Unquestionably the plaintiff might be benefited by the act being declared unconstitutional, but so far he is only in the position of having $3,000 allowed rather than $5,000. An entity receiving more than $10,000 would suffer the real injury, if any. It might easily happen that persons receiving more than $10,000 will never attack the statute because the act might be repealed or amended before they could be affected by it. Therefore, we feel bound to

hold that the plaintiff was not affected by the legal provision and hence had no standing in court to attack the validity of the statute. (Citations.)

It has been admitted in the case at bar that the Treasurer of Puerto Rico, construing and applying the statute now in force liberally and equitably, allowed the appellant partnership a specific credit of $3,000, notwithstanding the failure of the plaintiff to claim such credit and notwithstanding the fact that said plaintiff had had a taxable net income in excess of $10,000.

Is the appellant partnership in a position to attack before the court the validity of the statute? The same grounds on which we decided that F. Febles & Cia. had no such status compel us to hold that the appellant partnership is in a similar position. The only basis or ground that might be advanced in support of the constitutional invalidity of the statute—discrimination in favor of partnerships with a net income below $10,000 and against those with an income above that figure—can not be alleged in the instant case. The action of the Treasurer was not discriminatory. He treated the plaintiff partnership just as if its net income for 1929 had not exceeded $10,000 and allowed it a $3,000 reduction, the only one authorized under the statute. The plaintiff has not been at all affected by the statutory provision which fails to allow any credit to partnerships receiving less than $10,000. If we held, as sought by the appellant, that the statute is valid as to partnerships earning less than $10,000, and that is not so as to those receiving more than the above sum, even though the same amount of credit is allowed to both, and that those earning more than $10,000 are entitled to the credit allowed by the statute prior to being amended, we would then be authorizing a discrimination in favor of such partnerships as receive larger incomes and against less fortunate ones. The interpretation and application of the statute by the Treasurer in the case at bar must be upheld as fair and reasonable. The plaintiff has not been injured at all, for

it has been treated just as a partnership with a net income below $10,000. This is why we said in the *Febles* case, *supra,* that "An entity receiving more than $10,000 would suffer the real injury, if any." Here, we say again, there has been no discrimination but equal treatment.

In *J. M. Blanco, Inc.* v. *Sancho Bonet,* 55 P.R.R. 380, the same constitutional question was raised as that in the *Febles* case. And this court, through Mr. Chief Justice Del Toro, after citing and commenting the decisions in *Domenech* v. *Havemeyer,* 49 F. (2d) 849, and *Loíza Sugar Co.* v. *Domenech, Treasurer,* 43 P.R.R. 855, expressed itself as follows:

"In consequence, if the discrimination against the taxpayers in section 17 of Act No. 43 of 1921 (p. 312), was the basis for declaring the unconstitutionality, as such discrimination is similar to the one appearing in Section 6 of Act No. 18 of 1927, it must also serve as a basis for declaring its unconstitutionality.

"Now, should that declaration be limited to that part of the act which actually involves a discrimination, or should it be made in general terms as was done by the district court, in such a way that the amendment being void, the law attempted to be amended remains in full force?

"In our opinion, the declaration must be made in a restrictive manner, in harmony with the reasoning stated in the opinion rendered in the case of *F. Febles & Co.* v. *Sancho Bonet, Treasurer, supra,* which we have quoted. It being so, plaintiff is not entitled to the exemption of $5,000 which it claims, but to that of $3,000 fixed by section 6 of Act No. 18 of 1927 in its constitutional part.

"By virtue of this construction, strength is given to the legislative will in regard to the reduction of the exemption from $5,000 to $3,000 (*F. Febles & Co.* v. *Sancho Bonet, Treasurer, supra,* p. 744) and a uniform exemption is granted to all: to those taxpayers whose income does not exceed $10,000 as well as to those whose income exceeds said amount, the discrimination being done away with, and the law remaining as if it had been drawn in the manner pointed out by the trial court itself in order that it would be constitutional, that is, an exemption of $3,000 on the first $10,000 in all cases."

For the foregoing reasons, we deem it unnecessary to discuss the second assignment of error and hold that, inasmuch as the first error assigned was committed, the judgment appealed from should be reversed and the complaint dismissed, without special pronouncement of costs.